# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHARLES ROBERT STEENO, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:10CV14-JD-PRC |
| ) | |
| WABASH NATIONAL TRAILER ) | |
| CENTERS, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on (1) Charles Robert Steeno's Motion for Leave to File Amended Pleading [DE 47], filed by Plaintiff on March 1, 2011; (2) Charles Robert Steeno's Motion for Sanctions [DE 45], filed by Plaintiff on February 28, 2011; (3) Motion to Strike Plaintiff's Reply in Support of Motion for Continuance [DE 52], filed by Defendant on April 5, 2011; and (4) Charles Robert Steeno's Motion for Continuance [DE 43], filed by Plaintiff on February 28, 2011. In addition, Plaintiff filed Motions [DE 54, 55, and 57] purporting to be amendments to earlier pleadings.

## PROCEDURAL HISTORY

On August 27, 2009, Plaintiff filed a Complaint against Wabash National Corporation ("WNC") in the Northern District of Texas, alleging that he was terminated by Defendant in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 623 *et seq*. ("ADEA"). On November 25, 2009, Plaintiff filed his First Amended Complaint adding Wabash National, LP ("WNLP") and Wabash National Trailer Centers ("WNTC") as party Defendants.

On December 29, 2009, Defendants filed a Motion to Transfer Venue. On January 26, 2010, the Court granted the Motion and the case was transferred to the Northern District of Indiana, Lafayette Division.

On March 25, 2010, the Court set a deadline of May 25, 2010, for Plaintiff to file motions to amend pleadings and a discovery deadline of December 20, 2010.

On April 1, 2010, Plaintiff filed a Motion to voluntarily dismiss Wabash National, LP and Wabash National Corporation. Defendants Wabash National, LP and Wabash National Corporation were dismissed without prejudice on April 21, 2010.

On January 31, 2011, after the discovery deadline of December 30, 2010, Defendant filed a motion for summary judgment.

On February 28, 2011, Plaintiff filed a Motion to Amend Complaint that was not in compliance with the Local Rules, along with the instant Motion for Continuance and Motion for Sanctions. On March 1, 2011, Plaintiff properly filed the instant corrected Motion to Amend Complaint. Defendant filed responses to all three Motions on March 17, 2011. Plaintiff filed a reply regarding his Motion to Amend Complaint on April 3, 2011, and on April 5, 2011, Defendant filed the instant Motion to Strike.

On April 6 and 7, 2011, Plaintiff filed single-page documents titled, respectively, Charles Robert Steeno's Motion for Leave to File Amended Pleading [DE 54], Charles Robert Steeno's Motion for Continuance [DE 55], and Charles Robert Steeno's Motion for Sanctions [DE 57].

**ANALYSIS**

**(A)   Motion to Strike**

Defendant moves to strike Charles Robert Steeno's Reply in Support of Motion for Continuance[1] [DE 51] on the grounds that it was untimely filed.

Local Rule 7.1(a) provides that a "moving party shall have seven (7) days after service of a response in which to serve and file a reply," and "[t]ime shall be computed as provided in Fed. R. Civ. P. 6 .. ." N.D. Ind. L.R. 7.1(a).  Federal Rule of Civil Procedure 6(d) provides: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) . Federal Rule of Civil Procedure 5(b)(2)(E) provides for the service of a paper by "sending it by electronic means if the person consented in writing–in which event service is complete upon transmission," and Rule 5(b)(3) provides: "If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E)." Fed. R. Civ. P. 5(b)(2)(E); 5(b)(3). Rule 5(d)(3) provides that "a paper filed electronically in compliance with a local rule is a written paper for purposes of these rules." Fed. R. Civ. P. 5(d)(3).  Local Rule 5.2 provides for service by electronic means.

Defendant filed its response in opposition to Plaintiff's Motion to Amend on March 17, 2011.  Seven days after service was March 24, 2011, and the three day addition under Rule 6(b) expired on March 27, 2011.  Federal Rule of Civil Procedure 6(a) provides that when calculating a period of time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).  Because March 27, 2011, was a Sunday, Plaintiff's reply

---

[1]Although titled "Reply in Support of Motion for Continuance," the brief is later identified as a "reply to Defendant's brief in opposition to Plaintiff's Motion for Leave to File Amended Pleading" and appears to be a reply brief in support of Plaintiff's Motion to Amend.

3

was due on March 28, 2011. It was not filed until April 3, 2011, almost a week later, and was therefore untimely. Plaintiff argues that the Report of Parties' Planning Meeting [DE 25], rather than the Local Rules, governed the reply time. However, the section he refers to deals with Defendant's deadline for filing a reply regarding a Motion for Summary Judgment, not a Motion to Amend. In addition, Plaintiff failed to file a written motion for an extension of time to file his reply, as required by Local Rules 6.1(b) and 7.1(a). ("Any other request for an extension of time ... shall be made by written motion;" and "any extensions of time for the filing of a .. reply shall be granted only by order of the assigned or presiding judge or magistrate judge for good cause shown."). Accordingly, Plaintiff's reply brief [DE 51] was untimely, and the Court will grant Defendant's motion to strike it. Because the reply is stricken, the Court will not consider it in ruling on the Motion to Amend.

**(B)    Motion to Amend Complaint**

In the instant Motion, Plaintiff requests that the Court grant him leave to amend the Complaint to add as defendants Wabash National LP and Wabash National Corporation, two entities that had been named as parties in his First Amended Complaint but were voluntarily dismissed by Plaintiff in April, 2010.

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings and provides, in part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>  (A) 21 days after serving it, or
>  (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

4

Fed. R. Civ. P. 15(a). Here, because the time for Plaintiff to amend his pleading as a matter of course has expired and the opposing parties have not given consent, Plaintiff must seek leave of Court.

If the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

The Seventh Circuit has identified two events after which a Motion to Amend is generally considered to be unduly delayed and prejudicial: the close of discovery and the filing of a motion for summary judgment. *Sanders v. Venture Stores*, 56 F.3d 771, 774-75 (7th Cir. Ill. 1995) (listing cases). In this case, the deadline for Plaintiff to file a motion to amend was May 25, 2010. Discovery closed on December 30, 2010, and a motion for summary judgment was filed on January 31, 2011.

Plaintiff argues that he moved to amend as soon as he became aware, through exhibits presented during Plaintiff's deposition on December 3, 2010, and arguments contained within Defendant's motion for summary judgment, that WNC and WNLP should be added as party defendants. He argues that Defendant Wabash National Trailer Centers requested dismissal of these two entities although it knew or should have known that the request was improper and they were

proper parties to the suit. Plaintiff further argues that the proposed additional defendants will not be prejudiced by being added to the case at this late stage because they have been acting as parties and have participated in asserting defenses.

Defendant characterizes Plaintiff's Motion as an attempt to re-open the discovery period and conduct discovery he previously failed to pursue. Without conceding that WNC or WNLP are proper parties to the lawsuit, Defendant argues that the information Plaintiff claimed led him to decide he needed to add the previously-dismissed defendants was in his possession no later than April 2010, before they were dismissed.

Plaintiff includes seven exhibits that he claims demonstrate that WNC and/or WNLP are proper defendants in this case. Several of the documents, including his offer of employment and W-2 tax forms, were presumably in Plaintiff's possession before filing the suit or, as in the case of the 2010 W-2, as soon as available, and the others were provided by Defendant in its response to Plaintiff's first discovery requests. The identification of the WNC individuals who made the decision to terminate Plaintiff was provided to Plaintiff in Defendant's initial disclosures on April 8, 2010, before WNC and WNLP were dismissed. At the latest, Plaintiff had all the information he now relies upon regarding the termination decision by November 8, 2010, when he requested it from the Defendant. Plaintiff did not request further information and did not raise any concerns about the dismissed Defendants until February 28, 2011, after the close of discovery and the filing of Defendant's motion for summary judgment. His Motion to Amend does not appear to be based on information that was first presented in the Motion for Summary Judgment, but relies on documents and information that were in his possession beginning in April, 2010, with no compelling reason for the delay in filing.

In addition to the untimeliness of Plaintiff's Motion, Defendant argues that the current and previously-dismissed Defendants would be prejudiced by the proposed Amended Complaint, both by the additional legal expense associated with reopening discovery and beginning the dispositive motion process again and by the potential liability for continued accrual of Plaintiff's attorney's fees and costs as part of a damages award. "Undue prejudice occurs when the amendment brings in entirely new and separate claims, adds new parties, ... and when the additional discovery is expensive and time-consuming." *Jacobs v. Xerox Corp. Long Term Disability Plan*, 520 F. Supp. 2d 1022, 1046 (N.D. Ill. 2007) (quotation omitted). Despite Plaintiff's argument, the fact that the proposed defendants were at one time a party to this case does not mean that there is no prejudice. Although they had notice of the lawsuit, and may have participated in discovery in aid of Defendant WNTC, neither entity "had no reason to believe [it] would be sought again as a defendant, and so had no opportunity to preserve facts or prepare [its] defense. [It] was entitled to rely on [the] dismissal." *Estate of Keys by & through Doxie v. City of Harvey*, No. 92 C 2177, 1994 WL 6847479, at *4 (N.D. Ill. Dec. 8, 1994) (denying motion to add previously-dismissed defendant). There is also no indication or argument that joinder of these parties is necessary under Federal Rule of Civil Procedure 19. The Court finds that current and previously-dismissed Defendants would suffer undue prejudice if the Motion to Amend were granted.

Defendant also argues that Plaintiff's Motion to Amend is futile because the proposed defendants are not proper defendants to the case nor will they alter the outcome. An amendment is considered "futile" if it would not withstand a motion to dismiss or motion for summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg.* Co., 477 F.3d 910, 923 (7th Cir. 2007). However, because the Court has determined that the Motion to Amend will be denied on the grounds of undue

delay and prejudice, it need not address the merits of the claims against either the current or previously-dismissed Defendants.

**(C)  Motion for Sanctions**

Plaintiff requests that the Court award him sanctions because of counsel for Defendant's request that previously-named defendants WNC and WNLP be dismissed from the case. Plaintiff alleges that this request was made in bad faith and that he relied on counsel for Defendant's assertions that WNTC was the only proper party.

Plaintiff does not cite to Federal Rule of Civil Procedure 11 or 37 in support of his Motion, instead citing generally to two cases as establishing the inherent power of the Court to impose sanctions. *Chambers v. NASCO, Inc.*, describes a court's power to award attorney's fees in situations outside of those encompassed by statue or the Federal Rules where they will act "as a sanction for the willful disobedience of a court order" or "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." 501 U.S. 32, 45-46 (1991) (quotations omitted). In that case, the sanctioned party and his attorneys engaged in significant misconduct that "abuse[d] the judicial process." *Id*. at 38. In the other cited case, *Harlan v. Lewis*, the Eighth Circuit discussed the inherent power of the court to impose sanctions in a situation where an attorney violated ethical rules. 982 F.2d 1255, 1259-60 (8th Cir. 1993).

Plaintiff's Motion refers only to a general allegation that counsel for Defendant acted in "bad faith," with no allegations of fraud or willful disobedience of a court order. The conduct complained of – requesting that Plaintiff voluntarily dismiss defendants – is not the type of scheming or abuse of judicial resources described in the cases Plaintiff cites, and he does not allege that counsel for Defendant violated any ethical rules. In support of his argument, he alleges that he relied upon counsel for Defendant's assertions that only WNTC was a proper party, but then goes on to say that

WNC was involved in the litigation "[f]rom the very early stages" and "even before formal litigation had begun," and that WNC "made no effort or scant effort to hide its role" in this suit. In short, Plaintiff appears to be arguing both that counsel for Defendant downplayed or hid WNC's role in the action and that WNC openly participated in the litigation before it had even begun. The Motion contains little evidence or argument to support its allegation of bad faith, and the Court sees no basis for an award of sanctions.

**(D) Motion for a Continuance**

Plaintiff requests that the Court continue the current trial setting of this case and grant additional time to conduct discovery. He recognizes that his request is contingent upon the allowance of his Amended Complaint.

Because there is no trial date set in this case and the Motion for Leave to Amend will not be granted, the Court will not grant a continuance or reopen discovery. To the extent that Plaintiff is requesting a scheduling hearing or a hearing on his Motion to Continue, that request is also denied.

## CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DENIES** Charles Robert Steeno's Motion for Leave to File Amended Pleading [DE 47 and 54];

(2) **DENIES** Charles Robert Steeno's Motion for Sanctions [DE 45 and 57];

(3) **GRANTS** the Motion to Strike Plaintiff's Reply in Support of Motion for Continuance [DE 52];

(4) **DIRECTS** the Clerk of Court to **STRIKE** Charles Robert Steeno's Reply in Support of Motion for Continuance [DE 51]; and

(5) **DENIES** Charles Robert Steeno's Motion for Continuance [DE 43 and 55].

SO ORDERED this 22nd day of April, 2011.

s/ Paul R. Cherry

MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record